### GURDON MANWARING *against* CHRISTOPHER GRIFFING.

MOTION for a new trial.

This was a *scire-facias* against *Griffing*, as garnishee, in a process of foreign attachment.

The original process was brought against *Francis Hazard*; and *Griffing*, the defendant, was duly served with a copy thereof, on the 6th of *September*, 1809.

The question relating to the indebtedness of *Griffing* to *Hazard*, depended on the following facts. *Griffing*, at the time the copy was left with him in service, was the surviving partner of *Robert Starr*, late joint merchants under the name and firm of *Griffing & Starr ;* which partnership was dissolved on the 1st of *January*, 1806. *George I. Furnace* drew a bill of exchange, at *Demerara*, on *Henderson &* payment; but G. had no notice of its dishonour. After the dissolution of the partnership subsisting between G. and S., and after the bill had been protested, D., by process of foreign attachment, brought his action against H., and a copy was duly left in service with G., as his agent, &c. On a *scire facias* against G., D. offered to prove by the testimony of G., the confessions of H, relating to the fact of notice having been given to S. of the dishonour of the bill ; and also relating to the fact that H. had shewn to G. the deposition of C. S. containing evidence of such notice ; it was held, that such evidence was inadmissible.

Vol. V.                        V v v

*Margin notes:*

Nov. 1813.

MANWARING
*v.*
GRIFFING.

A. drew a bill of exchange in favour of B., on C., for 200l. sterling, dated the 31st of *January*, 1805; B. endorsed the bill to G. and S., joint partners, by whom it was endorsed to H. The bill was protested both for non-acceptance and non-

Nov. 1813.

MANWARING
*v.*
GRIFFING.

*Seller*, of *Liverpool*, for 200*l*. sterling, in favour of *William Leeds*, dated the 31st of *January*, 1805. *Leeds* endorsed the bill to *Griffing & Starr*, by whom it was endorsed to *Hazard*. The bill, on the 7th of *December*, 1805, was protested for non-acceptance, and on the 10th of *April*, 1806, was protested for non-payment. The defendant had no personal notice of the dishonour of the bill : But it was claimed, by the plaintiff, that such notice had been given to *Robert Starr*.

On the trial, before the Superior Court, the defendant having made his disclosure, the plaintiff proposed to enquire of him, " what information *Hazard* had given him relating to notice to *Robert Starr* of the dishonour of the bill ; and whether *Hazard* had not shewn him, (the defendant,) the deposition of one *Charles Starr*, containing evidence of such notice ?" The defendant objected to the admission of this evidence ; and the court adjudged it to be inadmissible. The plaintiff, thereupon, introduced *Charles Starr*, the deponent above mentioned, as a witness, who testified fully before the jury, on the trial.

The jury returned their verdict for the defendant : Whereupon, the plaintiff moved for a new trial, on the ground that the court erred in rejecting the evidence relating to the declarations of *Hazard*, and the exhibition of the deposition of *Charles Starr*, as above stated ; which motion was reserved for the consideration and advice of the nine Judges.

*N. Smith* and *Gurley*, argued in support of the motion. They cited *Whitcomb* v. *Whiting*, Doug. Rep. 652.

*Goddard*, contra, cited *Mowatt* v. *Howland*, 3 *Day's Rep.* 353.

SMITH, J. This was a *scire-facias*, in which, the plaintiff claimed that the defendant was indebted to one *Francis Hazard*, an absconding debtor.

On the trial to the jury, the indebtednes which the plaintiff attempted to prove against the defendant, was, as survi-

ving partner of the firm of *Griffing & Starr ;* which indebt-edness, the plaintiff insisted, arose from their endorsement of a certain bill of exchange, which had been dishonoured ; but whether the defendant was indebted to *Hazard,* or not, depended on the question of fact, whether due notice had been given of the dishonour of the bill.

It was admitted, that notice had not been given to the de-fendant, personally ; but the plaintiff insisted, that it was given to *Starr ;* and to prove this fact, the plaintiff's coun-sel proposed to enquire of the defendant, what *Hazard* in-formed him respecting notice to *Starr ;* and whether *Haz-ard* did not show him a deposition proving such notice ? The court did not permit this enquiry to be made ; which is the ground of the present motion for a new trial.

In my judgment, the decision of the court was perfectly correct. This is an action in which the plaintiff may call on the defendant to disclose, and when thus called on, he stands on the same ground with any other witness ; and is not bound to testify to any facts which would not be proper and admissible, when coming from other witnesses. The at-tempt here was, to prove notice, by the declarations of *Haz-ard,* the party in interest, making affirmations and declara-tions in his own favour. Nothing could be more clearly in-admissible. Had a proposition come from the other side, to prove, that notice had not been given, by the confession of *Hazard* against himself, he being the party in interest, it would have presented a very different question.

In regard to *Hazard's* shewing a deposition proving no-tice, it may be said, that as the deposition was in the hands of *Hazard,* with no other proof of its authenticity, than his own declarations, it stands on no higher ground than the other evidence offered. If any such deposition exists, or could be obtained, it would, in itself, be good evidence.

I would not advise a new trial.

All the other Judges concurred in this opinion, except *Brainard, J.,* who did not judge.

New trial not to be granted.